
James W. Parkman, III (PAR032)
(*has complied with LR IA 11-2*)
Bar No.: 7770K27J
850 Corporate Parkway, Suite 100
Birmingham, AL 35242
Phone: 205-573-6001
Email: jim@jimparkmanlaw.com

John Spilotro
NV Bar No. 4134
319 South 3rd Street
Las Vegas, NV 89101
Phone: 702-683-9957
Email: spilotrolaw@gmail.com

Attorneys for Defendant
Afzal Khan

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**
**LAS VEGAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No.: 2:24-CR-00088-GMN-NJK |
| ) | |
| AFZAL KHAN, ) | |
| *Defendant.* ) | |

**MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

COMES NOW, the Defendant, Afzal Khan, by and through his undersigned counsel, *who has complied with LR IA 11-2*, and pursuant to 18 U.S.C. § 3583(e)(1), respectfully moves this Honorable Court for early termination of his term of supervised release. In support of the motion, the Defendant States as follows:

**STATEMENT OF THE FACTS**

1. On February 9, 2020, Defendant, was arrested and placed in county jail.

2. On August 28, 2020, Defendant plead guilty to Count One of Indictment for wire fraud.

3. On September 1, 2020, Defendant was placed on home confinement until his sentencing hearing, which took almost 3 years due to multiple court date extensions by the Government.

4. On September 7, 2022, Defendant was sentenced by this Honorable Court to a 24-month term of incarceration, followed by 36 months of supervised probation.

5. Defendant was required to stay out on bail until April 23, 2023, due to the restitution hearing being postponed multiple times. He was also required to be vaccinated or would have had to serve time at a higher security facility.

6. On December 13, 2023, Defendant was released from jail to a halfway house.

7. Supervised probation commenced on February 9, 2024, and to date, over a full year has been completed without any violations.

## INTENT FOR PROGRESS

1. The Defendant, Afzal Khan, is actively pursuing a position in the United States Congress, which requires flexibility, regular travel, public engagement, and communication with law enforcement officials. Please find attached hereto as Exhibit A, a letter from Jesse Law, Chairman of Clark County, Nevada Republican Party.

2. During the campaign, frequent travel will be required of the Defendant with the possibility of short notice, and obtaining advanced approval from his probation officer,

often with a two-week notice requirement, would be a hindrance, making it nearly impossible to meet with other congresspeople, supporters, donors, and likes thereof. The Defendant will not be able to function effectively in a dynamic political environment/race.

3. While running for office, Defendant will be under constant public scrutiny, leaving little room for error. The stakes are significantly higher for him than for most individuals on supervised release, as one mistake could end not only his probation but also his career and public trust.

4. Please find attached hereto as Exhibit B, a letter from Defendant, Afzal Khan, showing his heartfelt request for his early termination of supervised release. Immediately prior to the finish of this motion, Defendant contacted his probation officer to discuss his release from probation. Defendant was informed, correctly, that this motion is left for the Court but to make and file the motion.

## **ARGUMENT**

Under 18 U.S.C. § 3583(e)(1), this Honorable Court possesses the authority to terminate a term of supervised release after the expiration of one year if it is satisfied that such action is warranted by the conduct of Defendant and is in the interest of justice. In support thereof, Defendant states as follows:

1. Defendant has fully complied with all conditions of supervised release, including maintaining steady employment, fulfilling all responsibilities, and making regular restitution payments.

2. During the period of waiting for sentencing, Defendant spent nearly three years in home confinement with location monitoring. Defendant was unable to travel freely, support his family, or participate in society.

3. Defendant was also held in Federal custody during COVID-19 and endured 21-hours-a-day lockdowns, conditions similar to maximum security inmates, despite being a non-violent offender. Upon surrendering to prison, Defendant was held three months longer than the sentencing required due to administrative errors by the Bureau of Prisons, a clear violation of the Defendant's right under the First Step Act.

4. Defendant fully acknowledges the three million in restitution owed and has consistently made monthly payments. The status of his probation will not affect the ability or commitment to honor these payments. Restitution, while a significant responsibility, should not serve as the sole reason for continued supervision, as payment schedules are independent of supervised release conditions.

5. Defendant believes that other defendants with similar or even more severe changes have been granted early termination of supervised release after one year of compliance.

6. Courts have recognized that when a defendant demonstrates exceptional compliance, commitment to restitution, and clear rehabilitation progress, continued supervision is unnecessary.

7. The Defendant's probation has already been downgraded to the lowest level because he does not pose a threat of recidivism based on comploiance.

8. Continued supervision is not necessary to further the goals of supervised release and would impose an unnecessary hardship on the Defendant.

9. Early termination would allow the Defendant to fully reintegrate into society and continue contributing positively to his family and community.

10. Early termination of supervised release will allow the Defendant to run for the United States Congress without the possibility of hindering his career or the public's trust.

**WHEREFORE,** premises considered, Defendant respectfully moves this Honorable Court to grant this Motion for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e)(1), and issue an order of Early Termination of Supervised Release.

Done, this the 3rd day of April, 2025.

                                              Respectfully submitted,

**/s/ James W. Parkman, III**

James W. Parkman, III (PAR032)
*(has complied with LR IA 11-2)*
Bar No.: 7770K27J
850 Corporate Parkway, Suite 100
Birmingham, AL 35242
Phone: 205-573-6001
Email: jim@jimparkmanlaw.com

John Spilotro
NV Bar No. 4134
319 South 3rd Street
Las Vegas, NV 89101
Phone: 702-683-9957
Email: spilotrolaw@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA
## LAS VEGAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No.: 2:24-CR-00088-GMN-NJK |
| ) | |
| AFZAL KHAN, ) | |
| *Defendant.* ) | |

### **CERTIFICATE OF SERVICE**

I hereby certify that on this the 3rd day of April, 2025, I electronically filed the foregoing with the Clerk of Court via the CM/ECF system, which will cause copies to be electronically served upon all counsel of record.

**/s/ James W. Parkman, III**

James W. Parkman, III (PAR032)
(*has complied with LR IA 11-2*)
Bar No.: 7770K27J
850 Corporate Parkway, Suite 100
Birmingham, AL 35242
Phone: 205-573-6001
Email: jim@jimparkmanlaw.com

John Spilotro
NV Bar No. 4134
319 South 3rd Street
Las Vegas, NV 89101
Phone: 702-683-9957
Email: spilotrolaw@gmail.com