UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　vs.<br>AFZAL KHAN,<br><br>　　　　　　　　Defendant. | Case No.: 2:24-cr-00088-GMN-NJK<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

　　　Pending before the Court is the Motion for Early Termination of Supervised Release, (ECF No. 11), filed by Defendant Afzal Khan.  The Government filed a Response, (ECF No. 12), to which Defendant did not file a Reply.  Also pending before the Court is Defendant's Amended Motion for Early Termination of Supervised Release, (ECF No. 13), to which the Government filed a Response, (ECF No. 14).  Further pending before the Court is the Government's Motion to Seal Response, (ECF No. 15), and Defendant's Motion to Seal his Response, (ECF No. 17).

　　　For the reasons discussed below, the Court **DENIES** Defendant's Motion for Early Termination of Supervised Release, **DENIES** Defendant's Amended Motion for Early Termination of Supervised Release, **GRANTS** the Government's Motion to Seal Response, and **DENIES** Defendant's Motion to Seal.

I.　　**BACKGROUND**

　　　On September 7, 2022, Defendant was sentenced in the District of New Jersey to 24 months custody, followed by 36 months supervised release for Wire Fraud.  On February 16, 2024, Defendant commenced supervision in the District of Nevada.  This Court accepted transfer of jurisdiction on April 19, 2024. (Order Accepting Jurisdiction Transfer, ECF No. 2).

Defendant has completed approximately 15 months of his supervised release and moves to terminate the remainder of his term under Title 18 Section 3583(e)(1). (*See generally* Mot. Early Termination Supervised Release ("METSR"), ECF No. 11). The Court discusses Defendant's Motion below.

## II.    LEGAL STANDARD

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (quoting *United States v. Emmett*, 749 F.3d 817, 820–21 (9th Cir. 2014)) (internal quotation marks omitted). "Section 3583(e)(1) provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)) (citation and internal quotation marks omitted). Those relevant factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with education, vocational training, medical care, or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(3), (a)(4), (a)(5), (a)(6), and (a)(7). As explained by the Ninth Circuit, "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Ponce*, 22 F.4th at 1047 (quoting *Emmett*, 749 F.3d at 819 (quoting 18 U.S.C. § 3583(e)(1))). The Ninth Circuit determined in *Emmett* and reaffirmed in *Ponce* that "[t]he text of § 3583(e) does

not support a legal standard that categorically requires a petitioner to demonstrate undue hardship." *Id.*

## III. DISCUSSION

### A. Motion for Early Termination of Supervised Release

Defendant argues that termination of his supervised release under 18 U.S.C. § 3583(e)(1) is appropriate here because he has fully complied with all conditions of supervised release, continued supervision would impose an unnecessary hardship on the Defendant, and early termination would allow him to run for the United States Congress. (METSR at 3–4). The Government and the Probation Office defer to the Court's judgment on this Motion. (*See* Resp., ECF No. 12).

The Court finds the early termination of Defendant's supervised release is not warranted. First, the current Guide to Judiciary Policy, Volume 8E, Chapter 3, § 360.20(c) provides that, for an offender who satisfies the minimal statutory factors, at 18 months there is a presumption in favor of early termination if the offender (1) does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 944(h)) or has not committed a sex offense or engaged in terrorism; (2) presents no identified risk of harm to the public or victims; (3) is free from any court-reported violations over a 12-month period; (4) demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) is in substantial compliance with all conditions of supervision; and (6) engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.  Because Defendant has not yet served 18 months of supervision, he does not qualify for the presumption in favor of release.

Next, "while it is undisputed that Defendant has complied with the terms and conditions of his supervised release, this alone is insufficient to justify early termination." *United States v. Carter*, No. 10-cr-0363, 2013 WL 2255875, at *2 (N.D. Cal. May 22, 2013); *see United States*

*v. Bauer*, No. 5:09-cr-00980, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012) (citing cases). Instead, "'[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release." *United States v. Mathis-Gardner*, 110 F. Supp. 3d 91, 93–94 (D.D.C. 2015) (quoting *United States v. McKay*, 352 F. Supp. 2d 3599, 361 (E.D.N.Y. 2005). Defendant's record of compliance with the terms of his supervised release, though commendable, is expected from a person on supervision and does not warrant early termination of supervised release. Further, the mere inconvenience of having to obtain approval to travel for work purposes from Probation and the Court is an insufficient reason to terminate his supervision. *See United States v. Sandusky*, No. 12-cr-548, 2022 WL 3975207, at *2 (C.D. Cal. Aug. 29, 2022) ("The burden asserted by Defendant—the requirement of asking permission from the United States Probation Office prior to travel—is nominal.").

Furthermore, the Court's consideration of the factors set forth in § 3553(a) establishes that early termination of Defendant's remaining supervised release is not warranted. The Court focuses primarily on the nature and circumstances of the offense, the history and characteristics of the Defendant, and deterrence. Defendant defrauded over 21 individuals and entities, resulting in over 3 million dollars in restitution. According to the Presentence Report, Defendant's arrest warrant was issued in October 2014, but Defendant was residing out of the country at that time and did not voluntarily surrender until February 2020. These facts, in conjunction with the information provided by the Probation Office, lead the Court to conclude that the totality of the circumstances related to Defendant's history and his offense do not support the granting of early termination of supervised release.

Moreover, if Defendant's term of supervision is terminated, the Court is stripped of its ability to deter future violations. "But if [Defendant] remains on [supervised release], this Court can sentence him anew" for any subsequent transgressions. *United States v. Thorpe*, No.

Page 4 of 6

1:19-cr-00123, 2023 WL 2354876, at *1 (D. Idaho Mar. 3, 2023); *see also United States v. Hanich*, No. 2:14-cr-000140, 2023 WL 2354881, at *3 (D. Idaho Mar. 2, 2023) ("[C]ontinued supervision is not intended to punish Hanich but necessary to keep him accountable to himself and the Court."). Continued supervised release in this case will serve as a deterrent to the resumption of criminal activity, thereby protecting the public. *See United States v. Apodaca*, No. 08-cv-793, 2017 WL 3332642, at *2 (C.D. Cal. June 6, 2017), *aff'd*, 750 F. App'x 605 (9th Cir. 2019) (finding that "the need for deterrence and the need to protect the public both weigh against terminating Defendant's supervised release").

Considering the totality of Defendant's history, the nature of his offense, and the deterrent effect of supervision, the Court concludes that early termination is not warranted here. This Court enjoys "broad discretion in determining whether to grant a motion to terminate supervised release," *Emmett*, 749 F.3d at 819, and it exercises that discretion to deny that motion here. The Court therefore DENIES Defendant's Motion for Early Termination of Supervised Release.

**B. Motions to Seal**

The public generally has a qualified First Amendment right of access to court documents and proceedings, including in-court sentencing proceedings and documents related to the same. *See United States v. Doe*, 870 F.3d 991, 997 (9th Cir. 2017) (citing *United States v. Rigera*, 682 F.3d 1223, 1229 (9th Cir. 2012)). "Where the public has a qualified First Amendment right of access, 'criminal proceedings and documents may be closed to the public without violating the [F]irst [A]mendment only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Id.* at 998 (quoting *Oregonian Publ'g Co. v. U.S. Dist. Ct. for Dist. of Or.*, 920 F.2d 1462, 1466 (9th Cir. 1990)). The Court agrees with the

Government's contention that its Response contains information that could represent a significant safety risk if it is disclosed publicly. Accordingly, the Court GRANTS the Government's Motion to Seal.

Defendant's Motion to Seal Response asks the Court to seal both Defendant's original Amended Motion, (ECF No. 13), and his Response to the Government's Response, (ECF No. 16). "The court must not base its decision on conclusory assertions alone, but must make specific factual findings." *Doe*, 870 F.3d 991 (quoting *Oregonian*, 920 F.2d at 1466). Defendant does not identify which information in either of the documents could present a safety risk and why it could do so. Without that information, the Court has no basis for granting Defendant's Motion to Seal. Accordingly, the Court DENIES Defendant's Motion to Seal without prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Early Termination of Supervised Release, (ECF No. 11), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Amended Motion for Early Termination of Supervised Release, (ECF No. 13), is **DENIED.**

**IT IS FURTHER ORDERED** that the Government's Motion to Seal, (ECF No. 15), is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal, (ECF N0. 17), is **DENIED** without prejudice.

**DATED** this __14__ day of May, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court